### 25761. HOLLIMAN *v.* ATTAWAY.

DECIDED OCTOBER 30, 1936.

*Lester F. Watson,* for plaintiff in error.

BROYLES, C. J. Ira Holliman purchased from J. A. Attaway a certain described mare, and gave therefor a note providing that the title to said mare should remain in Attaway until the same was fully paid for, and also gave Attaway a bill of sale to certain other live stock as additional security; the retention-of-title note and the bill of sale being embodied in one instrument. Upon foreclosure by Attaway, as provided by the Code, §§ 67-1601, 67-701, Holliman interposed an affidavit of illegality alleging that the consideration for which the note was given had failed, in that the mare for which the note was given had a patent defect in her

physical condition, she being "what is known as a wind-broken or belosed animal," which was discussed by the parties at the time of the trade; that the plaintiff had expressly warranted to defendant that the condition of said mare would not affect her work and service as a farm animal, which was the purpose for which the defendant was buying said mare and which was known to plaintiff; that said mare, on account of her physical condition, could not do farm work; that when defendant came back to the plaintiff and reminded him of his warranty, the plaintiff refused to make good the defect; and that the stipulations of the contract and the express warranty "should have been put in the writing, as that was the agreement and contract that it should be; and defendant further says that this was left out of the written contract by plaintiff by fraud, accident, or mistake, . . and that defendant thought these conditions of warranty were in the note until informed by plaintiff that they were not; and for these reasons defendant is not indebted to plaintiff, and therefore said mortgage fi. fa. is proceeding to sell defendant's property illegally." On the trial the plaintiff, without objection, introduced the note signed by the defendant and containing a description of the animal sold to the defendant, and also containing the following language: "It is expressly understood that the said J. A. Attaway does not warrant the health, life, and soundness of said stock, but [only] the title thereto; and in case of the death thereof or loss in any other way, I [Holliman] agree to sustain the loss."

The contemporaneous parol statements of the plaintiff, set out in the affidavit of illegality, clearly contradicted and varied these terms of the note. "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." Code, § 38-501. Nor does the allegation in the affidavit that the stipulations and express warranty were left out of the writing by the plaintiff, through fraud, accident, or mistake, render the above-quoted parol-evidence rule inapplicable. Such allegation is purely a conclusion of the pleader, unsupported by any allegation of fact. It is well settled that he who can read must read, unless a sufficient reason for not doing so is shown; and there is nothing in the affidavit to show that the defendant could not read, or that some emergency arose which prevented him from reading the contract before he signed it, or that the

plaintiff or any one else misread it to him, or that there was any fiduciary relationship between him and the plaintiff which influenced him not to read the contract or have it read to him before he signed it, or that the plaintiff did anything to cause him not to read it before signing. The affidavit showed no legal defense to the foreclosure proceeding, and was subject to be stricken on demurrer or oral motion. However, no such motion was made and no demurrer was interposed; but the court refused to allow the affiant to introduce any evidence in support of the allegations of the affidavit, and directed a verdict in favor of Attaway. The defendant made a motion for new trial, the only special ground of which alleges that "the court erred in excluding all the testimony of movant in support of his said plea, and directing a verdict for the plaintiff," and quotes the allegation of the affidavit of illegality relative to the express warranty being left out of the writing by plaintiff through fraud, accident, or mistake, which he avers is a material allegation which he should have been allowed to sustain by proof. His motion for new trial was overruled, and on this ruling he assigns error. While the better practice would have been to strike the affidavit, the same result was reached by the method adopted in the trial court. The refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*